UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHANH NGOC-HOANG TRUONG,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2890

Honorable Jane M. Beckering

# OPINION

Petitioner, a former United States Immigration and Customs Enforcement (ICE) detainee, initiated this action while detained by ICE by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.18.)

In an order entered on October 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on October 23, 2026 (ECF No. 5), and Petitioner filed his reply on October 26, 2026 (ECF No. 7). In Respondents' response, Respondents indicated that Petitioner had been re-scheduled for removal on a flight to

depart on October 27, 2026. (Resp., ECF No. 6, PageID.94.) In an order entered on October 28, 2026, the Court directed Respondents to submit a written response setting forth whether Petitioner was removed from the United States on October 27, 2026. (ECF No. 8.) Respondents filed a status report on October 29, 2026, stating that Petitioner was removed from the United States on October 27, 2026. (ECF No. 9.)

## II. Relevant Factual Background

On June 24, 2026, Petitioner filed a § 2241 petition challenging his detention in *Truong v. Raycraft et al. (Truong I)*, No. 1:26-cv-1920 (W.D. Mich.); in that case, the Court summarized the relevant factual background:

> Petitioner is a native and citizen of Vietnam who entered the United States on October 27, 1992, as a refugee. (Notice to Appear (NTA), ECF No. 7-1, PageID.85.). On December 1, 1993, Petitioner became a lawful permanent resident. (*Id.*) However, on May 18, 2000, the Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging him with removability pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(iii), after Petitioner was convicted of first-degree criminal sexual conduct. (*Id.*)
>
> On July 25, 2002, an Immigration Judge ordered Petitioner removed to Vietnam. (Removal Order, ECF No. 7-4, PageID.96.) Petitioner waived his appeal of that order (*id.*), rendering it administratively final upon entry. In 2004, the Embassy of Vietnam advised Petitioner that the "Governments of Vietnam and the United States have not reached any agreement on deportation" and, therefore, "the Embassy [could] not take any action regarding travel document requests for deportation cases." (Dec. 16, 2004, Correspondence, ECF No. 7-6, PageID.109.) In 2009 and 2010, ICE attempted to obtain a travel document for Petitioner; however, under the Memorandum of Agreement in effect at the time, Petitioner was not considered removable to Vietnam. (Bakko Decl. ¶ 10, ECF No. 7-2, PageID.90.)
>
> On November 1, 2004, DHS released Petitioner from custody on an Order of Supervision. (Release Notification, ECF No. 7-5, PageID.99; Order of Supervision, ECF No. 7-7, PageID.111– 112.)
>
> On February 11, 2026, ICE agents arrested Petitioner. (2026 Form I-213, ECF No. 7-8, PageID.115.) On February 21, 2026, DHS served Petitioner with a Form 71-091, Notice of Revocation of Release, advising Petitioner that his release was revoked pursuant to 8 C.F.R. § 241.13(i) because Petitioner failed to register as a sex offender. (Notice of Revocation of Release, ECF No. 7-10, PageID.120–121.)

> On February 27, 2026, ICE requested that Petitioner complete forms for a Vietnam travel document, which Petitioner did. (Bakko Decl. ¶ 13, ECF No. 7-2, PageID.90.) On March 12, 2026, the local ICE office submitted the travel document request to ICE headquarters. (*Id.* ¶ 14, PageID.91.)

Op., *Truong I*, (W.D. Mich. July 6, 2026), (ECF No. 10) (internal footnote omitted). On October 29, 2026, Respondents submitted a status report, which stated that Petitioner was removed from the United States to Vietnam on October 27, 2026. (Status Report, ECF No. 9, PageID.114.)[1]

## III. Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

---

[1] In Respondents' status report, Respondents requested that the Court dismiss this case due to Petitioner's removal from the United States. (Status Report, ECF No. 9, PageID.114.)

## IV. Analysis

In Petitioner's § 2241 petition, as relief, Petitioner asked the Court to order Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.18.) After initiating this action, Petitioner was removed from the United States to Vietnam and is no longer in Respondents' custody. (Status Report, ECF No. 9, PageID.114.)

Because the relief sought in Petitioner's § 2241 petition related to his detention, and he is no longer detained by Respondents, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 2, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge